IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN L. GRANT,

                    Plaintiff,

  v.

CHELSIE LONGLAIS,

                    Defendants.

ORDER

25-cv-279-jdp

---

      Plaintiff Stephen L. Grant alleged that prison officials retaliated against him because he complained about his medical care. I allowed Grant to proceed on a retaliation claim against defendant Chelsie Longlais based on the allegation that Longlais falsely accused Grant of making a suggestive remark to Longlais because Grant had complained about how Longlais was responding to his medical requests. Dkt. 12 at 5. I also allowed Grant to proceed against Longlais based on the allegation that Longlais falsely accused Grant of being verbally aggressive as part of a pattern of retaliatory harassment. *Id.* at 5–6. I did not, however, allow Grant to proceed on a retaliation claim against Longlais based on the allegation that she intentionally delayed his receipt of Tylenol by "double counting" it. *Id.* at 6–7.

      Grant moves to amend the screening order. Dkt. 13 and Dkt. 14. Grant's motion is not clearly articulated, but I take Grant to make three primary requests. First, Grant asks me to correct the screening order. Grant explains that he did not mean to allege that Longlais retaliated against him by double-counting his Tylenol based on his December 2022 grievance. Grant made this allegation, as he acknowledges, so it was appropriate for me to address it. I concluded that this particular allegation didn't state a plausible retaliation claim, and Grant

does not challenge that ruling. Grant's request to correct this part of the screening order is denied as unnecessary.

Second, Grant appears to ask for permission to proceed on the allegation that Longlais falsely accused him of being verbally aggressive because he complained about how Longlais was responding to his medical requests. But that is basically what I ruled in the screening order. Even though Grant failed to identify the protected speech that caused Longlais to falsely accuse him of being verbally aggressive, I allowed Grant to proceed on the allegation that Longlais falsely accused him of being verbally aggressive as part of a pattern of retaliatory harassment. I also explained that, according to Grant's allegations, the pattern started with Longlais's false accusation that Grant had made a suggestive remark. Grant's second request is denied as unnecessary.

Third, Grant asks for permission to proceed on the allegation that Longlais double-counted his Tylenol as part of a pattern of retaliatory harassment that started with Longlais's false accusation that Grant had made a suggestive remark. But "Grant's allegations explaining how Longlais . . . double-counted his Tylenol to delay his receipt of it [were] not clearly articulated and [did not] support a plausible inference that retaliatory animus motivated those decisions." Dkt. 12 at 6. Grant hasn't shown that this ruling was erroneous. *See* Dkt. 14 at 2. The third request is denied.

Accordingly, IT IS ORDERED that Grant's motion to amend, Dkt. 13 and Dkt. 14, is DENIED.

Entered January 6, 2026.

          BY THE COURT:

          /s/

          _____
          JAMES D. PETERSON
          District Judge